UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID HADDEN
    Plaintiff

v.

UNIVERSITY ACCOUNTING SERVICES, RICHLAND
STATE BANK and TRANSWORLD SYSTEMS INC
    Defendants

**Registered Agent:** CP Corporation System
1200 S. Pine Island Rd.
Plantation, Fla. 33324

Jone Larson
3409 W. 47th Street
Sioux Falls, South Dakota

FILED BY _nec_ 5 D.C.

OCT 15 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**COMPLAINT**

    Plaintiff, David Hadden, appearing Prose in the instant action hereby, sues Defendants

Richland State Bank, University Accounting Services, and Transworld Systems Inc and state as

follows:

**JURISDICTION AND VENUE**

1. This is an action for damages in excess of $15,000, exclusive of interest and costs arising

    under Section 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission ("FTC

    Act") 15 U.S.C§§ 45 (a), 45(m)(1)(A), 53(b), and 56(a); the Fair Credit Reporting Act

    ("FCRA"), 15, U.S.C. §§ 1681-1681 x; 16 U.S.C. § 1681s-2((a)(2)(B); the Fair Debt

    Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e et seq, in addition to fraud and

    negligence to obtain monetary civil penalties, actual damages, a permanent injunction,

    and other equitable relief for Defendants violation of the FCRA, and the FDCPA.

2. This Court has jurisdiction over this matter under 28 U.S.C §§ 1331, 1337(a), 1345, and

    1355, and under 15 U.S.C §§45(a)(1), 45(m)(1)(A), 53(b), 1681s, and 1699 2l.

3. Venue is proper in this District Court under 28 U.S.C. §§ 1391 (b)-(c), 1395 (a), and 15 U.S.C. § 53(b)

II.

## PARTIES & BACKGROUND

### A. Plaintiff

4. The Plaintiff David Hadden is a citizen and resident of Palm beach County, Florida.

5. In or about January 2013 Plaintiff David Hadden wanted to fulfill his dreams and decided to go back to College for the purpose of obtaining his Bachelor of Art's Degree and continuing his education to earn his Juris Prudence Degree to study law.

6. At the time, David Hadden had no College Degree. Hadden first attended Keiser University where Plaintiff applied for an educational loan to supplement and pay for his courses and other living expenses necessary for completing his Associate Degree.

7. The bank Keiser University worked with to approve Plaintiff's loan and receive funding was Richland State Bank whose headquarters is stationed in South Dakota.

8. Prior to applying for the loan from Richland State Bank David Hadden inquired about the repayment of the loan and had requested a deferment and/or forbearance on the payments until after he had completed his education.

9. It was important to David Hadden he request and be granted deferment, because Plaintiff had committed himself to full-time studying, graduating and entering law school in the fall 2015 without the burden and stress of repayment of a debt while attending college.

10. At this time, Plaintiff David Hadden had no outstanding debts in his life, or legal obligations regarding debt.

2

11. Plaintiff David Hadden was assured by Richland State Bank, the lending institution working through Keiser University that Plaintiff would be provided an interim period, also known as a full deferment on the loan if approved. The deferment period was stated to begin immediately upon approval of the loan for a period of Twenty-Four months (24) with options and/or accommodations extending up to Fifty-Four months.

12. On September 4, 2014 Plaintiff David Hadden was approved for disbursement, and a full-deferment and/or forbearance on his loan from Richland State Bank, which precluded Plaintiff David Hadden from bearing any responsibility from immediately being required to make payments while he attended College at least half-time with satisfactory grades. **(See Exhibit A, attached hereto)**.

13. The Parties documents showing a deferment request date and approval of deferment was provided to David Hadden, by Richland State Bank, intending to represent David Hadden's request for deferment had been approved, and in which, David Hadden relied on.

14. At all times pertaining to the instant action Plaintiff David Hadden, did in fact attend College full time and maintained satisfactory grades in which was required and/or expected of Plaintiff.

15. At no time involving the instant action, was David Hadden notified by Richland State Bank, Defendant was selling Plaintiff's loan or by University Accounting Services, (UAS) and/or Transworld Systems Inc., Defendants were servicing Plaintiff's loan, or were Debt collectors who held a lien on Hadden's original loan from Richland State Bank.

3

16. In or about August 2014 Plaintiff David Hadden, did in fact graduate from Keiser University earning Plaintiff's Associate of Arts Degree, as Plaintiff continued his education applying and being accepted at Florida Atlantic University (FAU) to earn Plaintiff's Bachelor of Arts Degree.

17. During this time, in or about December 2014 Plaintiff David Hadden now believes he could have been contacted by a representative of University Accounting Services (UAS) and/or Transworld Systems Inc. who had inquired only about Plaintiff David Hadden's educational status.

18. Plaintiff David Hadden did not know who the call originated from because the person who made the call never identified herself at the time of the call; albeit, Plaintiff remember the caller being female, or having a female voice.

19. David Hadden however, believed the caller at the time was a representative of Richland State Bank, who intended to confirm after Plaintiff had graduated from Keiser University Plaintiff was attending College at-least half-time, and receiving satisfactory grades, a necessary requirement for continued deferment on Plaintiff's loan.

20. Notwithstanding, the call was very brief as the caller had no other questions or concerns but to know Plaintiff David Hadden's educational status at the time.

21. David Hadden confirmed Plaintiff's full-time educational status attending Florida Atlantic University (FAU).

22. Except for Plaintiff David Hadden being contacted by a person on Plaintiff's cellular phone in or about December 2014 whom Plaintiff now believes could have been a

representative of either named Defendants in this suit, Plaintiff categorically deny ever being contacted by mail, telephone, email address or any other form by either named Defendant named in this suit.

23. At this time, Defendants University Accounting Services (UAS) and/or Transworld Systems Inc. had known or should have known Plaintiff David Hadden's deferment agreement allowed Plaintiff David Hadden continued deferment on Plaintiff's loan he received in September 2014.

24. Although all Defendants, including University Accounting Services, and Transworld Systems Inc. had known Plaintiff David Hadden contact information that includes telephone number, mailing address, e-mail address, and P.O. Box address at the time Defendants received Plaintiff's account in 2014, at no time was Plaintiff David Hadden, or his emergency contact persons whom Defendants had known address and telephone numbers contacted by Defendants relating to repayment of Plaintiff's loan or a delinquent account status. **(See Plaintiff Exhibit B)**

25. In August 2015, Plaintiff David Hadden had been scheduled to graduate at his home college Florida Atlantic University where he would immediately attend law school after graduation.

26. However, prior to Plaintiff's graduation ceremony in June 2015, while attending Broward College for the sole purpose of completing a foreign language class course required before graduating at Florida Atlantic University, (FAU) Plaintiff filed a civil suit against Broward College for denying Plaintiff access to the foreign language course Plaintiff had been registered.

27. At this time, David Hadden paid and had been studying with Kaplan and scheduled to take the June 8, 2015, Law School Admission Test (LSAT) date in which Plaintiff would immediately attend law school.

28. Due to this incident and the civil suit that ensued, among other things, Plaintiff David Hadden was unable to continue Plaintiff's education in pursuance of Plaintiff's law degree in the year of 2015 which continued through 2017; albeit, Plaintiff in fact, did receive and graduate with his Bachelor of Arts Degree.

**B.  Defendants**

29. Richland State Bank is a financial institution with its principal place of business located at 3409 W. 47th Street, Suite 106, Sioux Falls, South Dakota 57106. At all times relevant to this action, Richland State Bank has transacted business in this District.

30. University Accounting Services, LLC who also goes by the name "UAS" in which would be referred to in this suit as ("UAS") is a Wisconsin limited liability company with its principal place of business located at 918 Brookfield Wisconsin 53008 which operates out of a local office located at 1200 South Pine Island Rd, Plantation Florida 33324. At all times relevant to this Complaint, University Accounting Services has transacted business in this District.

31. Transworld Systems Inc is believed to be a limited liability company with a mailing address located at P.O. Box 15618, Wilmington DE 19850. Its registered agent is the same as identified with University Accounting Services, CP Corporation, 1200 S. Pine Island Rd., Plantation Florida 33324.

32. University Accounting Services, L.L.C. and Transworld Systems Inc are "debt collectors" as defined in section 803(6) of the FDCPA 15 U.S.C. § 1692a (6). As part of its debt collection activities, University Accounting Services, and Transworld Systems Inc. furnishes information to consumer reporting agencies. As such, University Accounting Services L.L.C. and Transworld Systems Inc. is a person or entity subject to section 623 of the FCRA, 15 U.S.C. § 1681s -2, which imposes a series of duties and prohibitions upon any person or entity that furnishes information to a consumer reporting agency.

33. The term "consumer" as used in this Complaint means any natural person obligated or alleged obligated to pay any debt, as "debt" is defined in Section 803(5) of the FDCPA, 15 U.S.C.§ 1692a(5).

## GENERAL ALLEGATIONS

34. In or about January 2018, Plaintiff David Hadden began focusing his life and plans to continue his dreams to attend and complete law school.

35. During this time, Plaintiff David Hadden had paid for his courses with Kaplan, a company that help prepare students for testing and passing the Law School Admission Test (LSAT) that was scheduled in May 2018 to begin studying in preparation to take the Law School Admission Test (LSAT) for June 2018.

36. David Hadden, had been speaking with several lending institutions in which Plaintiff had anticipated consolidating Plaintiff's domestic bills and other finances to among other things, prepare and graduate from law school.

37. At this time, David Hadden had a credit rating score of just over seven hundred. Plaintiff is aware of this score because he had recently applied and received a new credit card from Home Depot and Equity Max where he was approved for a credit extension with a credit score showing a rating of Seven Hundred and eight. (708).

38. In June 2018, after applying with the lending institution, Lending Tree, to consolidate Plaintiff's bills, Plaintiff was alarmed to find out he was turned down for the loan due to negative credit reporting against Plaintiff's credit.

39. The Lending Institution, Lending Tree, confirmed with David Hadden that Plaintiff had negative credit reporting against Plaintiff's credit from Everglades College, and UAS, accounts David Hadden did not recognize, and did not owed a debt.

40. Following extensive research and investigation Plaintiff David Hadden found the contact numbers of the above-named Defendants, Richland State Bank, University Accounting Services, and Transworld Systems Inc.

41. On June 11, 2018 David Hadden contacted Richland State Bank and spoke with the bank's President Jone Larson.

42. David Hadden discussed Plaintiff's concern raised in the instant complaint of David Hadden not owing a debt on the above referenced account and Plaintiff being granted a forbearance and/or deferment at the date and time Plaintiff was approved and/or received disbursement of said loan.

43. Plaintiff David Hadden later inquired about the Bank's address location and registered agent, in which Ms. Larson stated she was the Bank's registered Agent and that Plaintiff could send any documents pertaining to this case directly to Richland State's Bank.

8

44. Richland State Bank President Jone Larson stated Plaintiff's original account was immediately transferred as of the date of Plaintiff's loan approval September 4, 2014, to Defendant University Accounting Services, also known by the name "UAS" and the Bank, (Richland State Bank) has no other information on the account because all information pertaining to Plaintiff's loan was transferred and conducted by Defendant UAS immediately following Plaintiff's loan approval date.

45. In addition, Richland State's Bank President Jone Larson provided Plaintiff, Defendant University Accounting Services contact number in which Plaintiff immediately contacted.

46. At this time, Plaintiff David Hadden had no knowledge of University Accounting Services, and/or Transworld Systems Inc, neither had David Hadden ever been contacted and/or provided information University Accounting Services were servicing Plaintiff's loan from Richland State Bank, and/or Transworld Systems Inc. possessing Plaintiff's account in collection.

47. On June 11, 2018 Plaintiff David Hadden contacted Defendant University Accounting Services and spoke with Defendant's representative who stated her name as Gregina Vergara and identified her title as a team leader.

48. Plaintiff David Hadden respectfully requested to speak with Defendant's supervisor, who identified her name as Janet Iporac. Plaintiff informed Defendant supervisor Iporac of the Creditor, Everglades College and the inaccurate information University Accounting Services were falsely and inaccurately reporting to the credit reporting agency regarding a consumer debt Plaintiff did not owe, neither knew the Creditor.

9

49. Plaintiff David Hadden identified two different names, Everglades College, and UAS, both reporting false, inaccurate, and negative information as Plaintiff's Creditor, to the credit reporting agency making it appear falsely there are two different accounts.

50. Plaintiff David Hadden disputed both accounts, including the debt in its entirety, the amount of the debt and Defendants unlawful procedures it was using to collect a debt Plaintiff did not did not owe and was disputing.

51. Defendant supervisor Iporac, with deliberate indifference stated University Accounting Services had been sending Plaintiff David Hadden letters regarding Plaintiff's delinquent account since September 2014 through August 2015. Defendant representative Iporac went on to state University Accounting Services had been mailing Plaintiff monthly payments in the amount of Fifty Dollars ($50.00) that began May 27, 2014 through December 2014, and that Plaintiff failed to make timely payments.

52. University Accounting Services, at this time had been reporting the false and inaccurate information to the credit reporting agency, without informing David Hadden within thirty (30) days as required, in violation of the FCRA, and FDCPA.

53. Defendant's claims however were inaccurate and false because Plaintiff David Hadden was not approved for disbursement of his loan at Richland State Bank, (while attending Keiser University) until September 4, 2014. Plaintiff receiving the funds from the disbursement never happened until a much later date.

54. Moreover, Plaintiff loan approval also came with a full-deferment approval precluding Plaintiff from the obligation of making immediate payments while attending classes at-least half-time. **(See Plaintiff Exhibit A, attached hereto.)**

10

55. Prior to Plaintiff applying for a loan, and/or receiving initial disbursement of his loan in September 2014, University Accounting Services had predetermined it would arbitrarily change the terms of Plaintiff's agreement and initiate sending monthly payments to be due in May 2014 for the purpose of creating an illegitimate debt.

56. Defendant University Accounting Services attempt to collect a debt against David Hadden was an illegal profit scheme intended to unlawfully breach the parties contract before it began.

57. Moreover, at no time involving this action did Plaintiff David Hadden receive notice from Richland State Bank of the Bank transferring of Plaintiff's loan, and/or a delinquent account notice or any other form of notice of payment by University Accounting Services.

58. The fact that Defendant University Accounting Services would be submitting to Plaintiff David Hadden a debt to pay from a Creditor that is not the Plaintiff's, (Everglades College), regarding a note that Plaintiff did not own or was obligated to pay is direct evidence of clear error and/or fraud.

59. When David Hadden questioned University Accounting Services representative Iporac about Plaintiff's deferment and/or forbearance, and whether David Hadden, had a deferment with his account, Defendant representative Iporac, stated Plaintiff had a deferment from the date of July 24, 2014 through April 2015.

60. Defendant representative Iporac, then stated that because Plaintiff David Hadden failed to make payments following the end date of Plaintiff's deferment in April 2015 Plaintiff's

account was transferred on September 9, 2015 to Transworld Systems Inc for

Collection, an amount unlawfully exceeding the original loan from Richland State Bank.

61. Although David Hadden has requested a debt validation from each Defendant, University

Accounting Services representatives, has refused to provide the validation and has

referred Plaintiff to its website for detail information Plaintiff has requested and in which

Defendants knew the website did not provide.

62. University Accounting Services has been allowing illegitimate debt payments to accrue

against Plaintiff since May 2014, through September 9, 2015, when there was no legal

debt, or interest accruement, authorized by David Hadden's original agreement.

63. In addition, based on the original loan application from Richland State Bank, Plaintiff

David Hadden, understood he was obligated to repay the maximum amount One

Thousand, Three Hundred, Sixty-Two Dollars, ($1,362.00) and any additional funding

was part of a Pell grant David Hadden as a resident was allotted by the State of Florida,

that did not require repayment. (See Plaintiff Exhibit B).

64. Plaintiff David Hadden raise this issue due to University Accounting Services, clear

misrepresentation and fraudulent conduct relating to Plaintiff's original agreement with

Richland State Bank in September 2014.

65. Defendant representative Iporac, claim  of David Hadden having an approved deferment

at a time and date Plaintiff was not obligated to make payments and University

Accounting Services, yet, claiming it mailed to Plaintiff 'monthly payments at his home

in the amount of fifty dollars ($50.00), are inconsistent.

66. David Hadden at this time demanded University Accounting Services send Plaintiff a validation of the debt it claimed Plaintiff owed and/or remove the negative reporting from Plaintiff's credit file because Plaintiff did not owe a debt Defendant UAS was claiming, including disputing owing a debt to the Creditor, Everglades College.

67. Defendant supervisor Iporac stated University Accounting Services was standing by its reporting, and that Defendant no longer has Plaintiff 's file, as it had been transferred to Transworld Systems Inc as of the date of September 9, 2015 in the amount owed of Five Thousand, One Hundred Ninety-Six Dollars 64/00 (5,196.64).

68. University Accounting Services and Transworld Systems Inc working in syn were falsely representing an illegitimate debt it had known or should have known David Hadden did not owe.

69. To date, University Accounting Services and Transworld Systems Inc, has failed to validate the debt it claims David Hadden owe, notwithstanding Plaintiff David Hadden having informed University Accounting Services and Transworld Systems Inc., both orally and in writing regarding Plaintiff 's request of a debt validation.

70. On September 9, 2015, University Accounting Services surreptitiously transferred David Hadden purported delinquent account to Defendant Transworld Systems Inc. for collection, in which Plaintiff was never contacted.

71. Defendants' illegitimate debt claim against David Hadden continued to accrue illegal and unwarranted interest and debt payment not authorized by Plaintiff's original agreement.

13

72. Although, Transworld Systems Inc. has possessed a debt collection account on David Hadden, including reporting inaccurate and negative information to a consumer reporting agency since September 9, 2015, Transworld Systems Inc has failed to contact the consumer regarding the debt and the negative reporting within thirty days in violation of the FCRA, and the FDCPA.

73. Defendants Transworld Systems Inc. and University Accounting Services failure to reasonably contact David Hadden considering the circumstances alleged herein demonstrate Defendants attempt to collect a debt that involves collusion of an unwarranted and illegal profit scheme.

74. Following Plaintiff David Hadden's conversation with Defendant University Accounting Services representative Iporac, Plaintiff contacted Transworld Systems Inc., and spoke with Defendant representative Robin Davis who identified herself as a collection supervisor.

75. Defendant supervisor Robin Davis confirmed Transworld Systems Inc. receiving David Hadden's case on the date of September 9, 2015, from University Accounting Services; however, Defendant would not confirm what, if any, attempts Transworld Systems Inc. made to contact Plaintiff regarding Plaintiff David Hadden's purported debt it received from University Accounting Services, and Transworld Systems Inc., reporting negative information to the Credit Bureau.

76. Section 623(a)(7) of the FCRA requires University Accounting Services and Transworld Systems Inc to disclose to consumers no later than thirty (30) days after Defendants report negative information about the consumer to a consumer reporting agency.

14

77. The negative and illegitimate debt information University Accounting Services transferred to Transworld Systems Inc. and consequently both Defendants reporting false information to a credit reporting agency was a direct violation of the law in which Defendants had known or should have known to be a blatant violation of the law, and unfair to Hadden, in Defendants' attempt to collect a debt.

78. Moreover, though Transworld Systems Inc possessed Plaintiff's David Hadden file since September 9, 2015, at no time prior to this time, Defendant made any reasonable efforts to contact Plaintiff to dispute or pay the purported debt Defendants' claim Plaintiff owed, though Defendants' had known Plaintiff's emergency contact numbers, including PO Box and e-mail address. (See original Application attached as Plaintiff Exhibit B)

79. Plaintiff David Hadden at this time began to address Transworld Systems Inc. and UAS reporting a debt against Plaintiff under the name of Everglades College. Plaintiff informed Defendant representative Robin Davis, Plaintiff has no knowledge of Everglades College and disputed the entire debt of the account.

80. Defendant Transworld Systems Inc. representative Robin Davis, however, only wanted to talk further, if Plaintiff had intended to pay the collection Plaintiff was disputing.

81. On June 15, 2018 David Hadden again contacted University Accounting Services and spoke with Defendant representative who identified himself as Caina Alexander.

82. David Hadden discussed with Defendant representative Alexander about Plaintiff's deferment that was approved with Plaintiff's loan disbursement on the date of September 4, 2014.

83. Defendant representative Alexander after placing Plaintiff on hold for several minutes, returned and stated Plaintiff David Hadden had been provided one (1) deferment on Plaintiff's account. However, Defendant representative Alexander later changed the number to say that Plaintiff had been provided three deferments on Plaintiff's account.

84. Defendant representative Alexander stated the dates Plaintiff had been granted the deferments were on the dates of (1) July 27, 2014, (2) September 4, 2014, and (3) January 27, 2015. When Plaintiff questioned Defendant representative about the irregular dates and length of time of the deferments Defendant representative seemed to have no reasonable and honest answer to Plaintiff's question.

85. Nevertheless, David Hadden had not requested or received a loan at the first date Defendant representative Alexander gave July 27, 2014 because at this date and time Plaintiff had not applied.

86. Moreover, David Hadden never inquired or had knowledge of Plaintiff needing or being granted several deferment approvals in such small increments of time on said dates, particularly, at this time when Plaintiff had not received or officially been approved for any funding.

87. Defendant University Accounting Services was unilaterally selecting Plaintiff's dates of deferment and/or forbearance request dates without David Hadden's awareness or legal authorization, while arbitrarily determining the extension of time in which the deferments would be extended.

16

88. On June 18, 2018 David Hadden again contacted University Accounting Services and spoke with Defendant representative Andre Andrews. Each time Plaintiff David Hadden spoke with University Accounting Services representatives, Defendant representatives, provided varying account information regarding the same questions and/or issue.

89. Defendant representative Andre Andrews would not confirm whether Defendant at any time mailed Plaintiff David Hadden verified mail that would confirm Defendant UAS attempt to contact Plaintiff David Hadden during the time in 2014 Defendants claimed it made efforts to contact Plaintiff for informing Plaintiff regarding his delinquent, and ultimately defaulted account.

90. Although Defendant verified it had Plaintiff telephone number, PO Box, and e-mail address Defendant Andrews admitted Defendant UAS never reached out to contact Plaintiff by those means.

91. In addition, although University Accounting Services record its calls when customers call their offices or when Defendants contact customers to collect a debt and for other business purposes, University Accounting Services admitted it had no verifiable proof from Defendants recordings that it made any attempts on the afore mentioned dates to contact Plaintiff as alleged when Defendants claimed Plaintiff David Hadden's account was in default or would be transferred to Transworld Systems Inc, as a collection account.

92. David Hadden later again, on or about June 18, 2018 called and contacted Defendant
University Accounting Services and spoke with Defendant representative who identified
herself as
Alyssa Tinals. UAS representative Tinals stated Defendants mailed Plaintiff delinquent
payments to be paid on the dates of October 4, 2014, November 4, 2014, and December
4, 2014, dates in which Defendants earlier stated Plaintiff had been approved for
deferment.

93. In June 2018 Plaintiff David Hadden hired and requested the credit agency Credit Repair
Dot Com to help remove the inaccurate information Defendant University Accounting
Services falsely reported against David Hadden, primarily Plaintiff owing a debt to
Everglades College, which Plaintiff has denied, and the amount.

94. Moreover, Plaintiff David Hadden disputed the illegitimate debt, Everglades College, and
UAS, falsely reported by University Accounting Services and Transworld Systems Inc.,
making it appear there are two delinquent accounts.

95. Though the Credit Reporting Agency initiated University Accounting Services to
reinvestigate the claims Plaintiff was disputing, (Everglades College and UAS),
Defendants failed to re-investigate the dispute and the false and negative claims remain to
date furnished by Defendants Transworld Systems Inc, and University Accounting
Services in violation of both the FCRA, and FDCPA.

96. The Credit Repair Company further verified University Accounting Services had been
reporting negative information against Plaintiff David Hadden in early 2017 under the

same creditor's name of Everglades College, who disputed the inaccurate information and after an investigation the inaccurate information was removed. However, to date Defendant has initiated and furnished the same identical inaccurate information against Plaintiff's credit but refuse to re-investigate or have the illegitimate debt claims removed from David Hadden's credit file though it is aware of the information being inaccurate.

97. Plaintiff David Hadden has disputed both accounts from each Defendants named in this suit authorizing each Defendant to remove Plaintiff's name from the consumer reporting agency due to the false, misleading and/or inaccurate information.

98. Due to Defendants University Accounting Services, and Transworld Systems Inc. false and inaccurate collection of a debt against Plaintiff David Hadden, Plaintiff was forced to cancel Plaintiff's Law School Admission Test date from June 2018, to September 8, 2018, foreclosing Plaintiff opportunity to attend law school in 2018, and causing other distress among Plaintiff and his family.

99. In June 2018 David Hadden spoke with several other employees of University Accounting Services and Transworld Systems Inc, whose names are Arron Williams of Transworld Systems Inc, and Daisy, of University Accounting Services.

100.    Plaintiff David Hadden requested a debt validation from both Defendants he has yet to receive. However, UAS representative Daisy communicated Defendant understood Plaintiff's request and would send Plaintiff's request via e-mail, in which Defendant representative dismissively did so. **(See Exhibit C, attached)**

101.    Plaintiff David Hadden is entitled to just compensation for Defendants deliberate indifference and the harms caused involving the instant action.

## VIOLATION OF SECTION 5 OF THE FTC ACT

## COUNT I

### Lack of Reasonable Basis

102.     Plaintiff, re-allege and incorporate by reference herein the allegations set forth in

paragraphs 4-101 of this Complaint.

103.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive

acts or practices in or affecting commerce. An act or practice is unfair when it (1) causes

or is likely to cause substantial injury (usually monetary) to consumers, (2) cannot be

reasonably avoided by consumers, and (3) is not outweighed by countervailing benefits to

consumers or to competition.

104.     Defendants University Accounting Services L.L.C. and Transworld Systems Inc.

through the means of attempting to collect and/or to create an illegitimate debt as alleged

in paragraph 29-101, has falsely represented that Plaintiff David Hadden owe a valid debt

in the afore mentioned case.

105.     Richland State Bank and University Accounting Services has misrepresented

David Hadden's deferment approval date and length of time Defendant Richland State

Bank authorized and approved on September 4, 2014 involving this action.

106.     University Accounting Services has sufficient reason to believe David Hadden's

account information is inaccurate

107.     In truth and in fact, the material representations set forth in paragraphs 29-101 are

false or misleading, or Defendants did not have a reasonable basis for the representations

and/or misrepresentations at the time the representations were made. Therefore, the

representations set forth in Paragraphs 29-101 are false or misleading and constitute

20

deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### THE FAIR CREDIT REPORTING ACT

108.    The FCRA was enacted in 1970 and became effective on April 25, 1971 and has been in force since that date. In 1996 the FCRA was amended extensively by Congress. Among other things, Congress added Section 623 of the Act, which became effective on October 1, 1997.

109.    Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Commission to use all its functions and powers under the FTC Act to enforce compliance with the FCRA by all person's subject thereto except to the extent that enforcement specifically is committed to some other governmental agency, irrespective of whether the person is engaged in commerce or meets any other jurisdictional tests set forth by the FTC Act.

110.    For purposes of Section 623(a)(7) of the FCRA, 15 U.S.C. § 1681s-2(a)(7), "negative information" means "information concerning a customer's delinquencies, late payments, insolvency, or any form of default," 15 U.S.C. § 1681s-2(a)(7)(G)(i), and the terms "financial institution" and "customer" have the same meanings as in Section 509 Public Law 106-102, 15 U.S.C. § 6809(3). 15 U.S.C. § 1681s-2(a)(7)(G)(ii).

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### COUNT II

Violations of Section 623(a)(1)(A)

111.    Plaintiff, re-allege and incorporate by reference herein the allegations set forth in paragraphs 4-101 of this Complaint.

112.   In the instant action, University Accounting Services, and Transworld Systems Inc. failed to remove the inaccurate, false and negative information, or provide a written statement within thirty (30) days of notice of his dispute as to the accuracy of the information provided to two of the three consumer reporting agencies.

113.   Although David Hadden has disputed every aspect of owing a debt involving this action, Defendants has failed to investigate and/or reinvestigate Plaintiff's complaint of inaccurate information, or correct the false information provided to the agencies though it has been noticed from the consumer reporting agency to do so.

114.   Section 623(a)(1)(A), and 16 U.S.C. § 1681s-2 of the FCRA prohibits furnishers of information to consumer reporting agencies from furnishing any information relating to a consumer to any consumer reporting agency if the furnisher knows or has reasonable cause to believe that the information is inaccurate. 15 U.S.C. § 1681s-2(a)(1)(A)

115.   Through the means described in Paragraphs 4 -101, in connection with furnishing information relating to a consumer reporting agency, Defendants University Accounting Services, and Transworld Systems Inc. has furnished such information while knowing or having reasonable cause to believe that the information was inaccurate and\or false.

116.   The acts and practices alleged in Paragraphs 112- 115 constitute violations of Sections 623(a)(1)(A). Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in paragraph 112-115, also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### COUNT III

<u>Violations of Sections 623(a)(7)</u>

22

117.     Section 623(a)(7) of the FCRA requires that, if any financial institution that extends credit to customers and regularly and in the ordinary course of business furnishes negative information about a customer to a consumer reporting agency, the financial institution shall provide the customer with a clear and conspicuous written notice about the furnishing of such negative information no later than thirty days after the financial institution furnishes the negative information to the consumer reporting agency. 15 U.S.C. § 1681s-2(a)(7).

118.     Richland State Bank, University Accounting Services L.L.C. (UAS L.L.C.) and Transworld Systems Inc. are "financial institutions" with "customers" as defined by Section 623(a)(7)(G)(ii) of the FCRA, 15 U.S.C. § 1681s -2(a)(7)(G)(ii).

119.     Richland State Bank, UAS and Transworld Systems Inc. furnishes "negative information" about its customers regarding credit extended to customers to consumer reporting agencies as "negative information" as defined in Section 623(a)(7)(G)(i) of the FCRA, 15 U.S.C. § 1681s-2(a)(7)(G)(i).

120.     In other instances, and by the means described in Paragraph 4-101 Defendants Richland State Bank, University Accounting Services and Transworld Systems Inc has worked in sync, in connection with collecting a debt and the furnishing of negative information about Plaintiff to a consumer reporting agency. Defendants has failed to provide Plaintiff David Hadden with the written notice required by Section 623(a)(7) no later than thirty days after furnishing the negative information to the consumer reporting agency.

23

121.　　The acts and practices alleged in Paragraphs 120 constitute violations of Section 623(a)(7) of the FCRA, 15 U.S.C. § 1681s-2(a)(7). Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in 120 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT IV

### Violations of Section 623(b)(1)

122.　　Section 623(b) of the FCRA requires furnishers of information to consumer reporting agencies to conduct a reasonable investigation when the furnisher receives a notice of dispute regarding the completeness or accuracy of the reported information from a consumer reporting agency in accordance with the provisions of Section 611(a)(2) of the FCRA, 15 U.S.C. § 1681i, and to report the results of the investigation to the consumer reporting agency. 15 U.S.C. § 1681s-2(b).

123.　　In numerous instances and through the means described in Paragraphs 4 -101, University Accounting Services and Transworld Systems Inc., failed to investigate and/or re-investigate Plaintiff David Hadden's dispute of his claims alleged in this suit.

124.　　The acts and practices alleged in Paragraph 123 constitute violations of Section 623(b) of the FCRA, 16 U.S.C. § 1681 s(a)(1), the acts and practices alleged in Paragraph 123 also constitute unfair acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## FAIR DEBT COLLECTION PRACTICES ACT

In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692 – 1692p, which became effective on March 20, 1978 and has been in force since that date. Section 814 of the FDCPA, 15 U.S.C. § 1692l, authorizes the commission to use all its functions and powers under the FTC Act to enforce compliance with the FDCPA by any debt collector, irrespective of whether that debt collector is engaged in commerce or meets any other jurisdictional tests set by the FTC Act. The authority of the Commission in this regard includes the power to enforce the provisions of the FDCPA in the same manner as if the violations of the FDCPA were violations of a Federal Trade Commission trade regulation rule.

125.    Section 803(7) of the FDCPA defines the term "location information" as meaning a consumer's place of abode and the consumer's telephone number at such place, or the consumer's place of employment. 15 U.S.C. § 1692a(7)

## VIOLATIONS OF THE FAIR DEBT COLLECTIONB PRACTICES ACT

## COUNT V

126.    Plaintiff, re-allege and incorporate by reference herein the allegations set forth in paragraphs 4-101 of this Complaint.

127.    Defendants University Accounting Services, and Transworld Systems Inc. violated the FDCPA by "falsely representing the character, amount, or legal status of the debt argued in this suit" and: by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not authorized by the agreement creating a debt not permitted by law.

25

128.     Defendant University Accounting Services, and Transworld Systems Inc knowingly misrepresenting and falsely identifying Plaintiff David Hadden's creditor as Everglades College, including UAS, and falsely reporting inaccurate and negative information to a consumer reporting agency regarding a debt, when the information was disputed and Defendants not performing a reasonable investigation of the disputed information after being initiated by the credit bureau agency, violated FDCPA.

129.     Defendants University Accounting Services and Transworld Systems Inc., furnishing inaccurate and negative information against Plaintiff to a consumer reporting agency of a false creditor, debt, amount, and seeking to enforce collection on a debt it knew was not legitimate was "deceptive" in violation of FDCPA 15 U.S.C. § 1692e(10).

130.     Defendants University Accounting Services and Transworld Systems Inc. willfully violated the FDCPA by furnishing Everglades College, and UAS to a credit reporting agency, two different names for the same account that was intended to be deceptive.

131.     In numerous instances and through the means described in Paragraphs 4 -101, in connection with the collection of debts, University Accounting Services (UAS) and Transworld Systems Inc, directly or indirectly, has falsely identified and misrepresented the debt amount, character, and/or laws in violation of the FDCPA.

132.     The acts and practices alleged in Paragraph 127-131, constitute violations of Section 804(3) of the FDCPA, 15 U.S.C. § 1692b(3), 15 U.S.C. § 1692e(10). Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692(a), the acts and practices alleged in

Paragraph 127-131 also constitute unfair or deceptive acts or practices in violation of

Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT VI

### Violation of Section 807

133.     Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from

using any false, deceptive, or misleading representation or means in connection with the

collection of any debt. Section 807(2)(A), 15 U.S.C. § 1692e(2)(A), specifically prohibits

the false representation of the character, amount, or legal status of any debt, while

Section 807(8), 15 U.S.C. § 1692e(8), prohibits communicating or threatening to

communicate to any person credit information which is known or which should be known

to be false, including the failure to communicate that a disputed debt is disputed, and

Section 801(10), 16 U.S.C. 1692(e)(10), prohibits using false representations or deceptive

means to collect or attempt to collect any debt or to obtain information concerning a

consumer.

134.     In the instant action, and by means described in Paragraphs 4-101, in connection

with the collection of debts, Defendants UAS and Transworld Systems Inc working in

sync in connection to collect a debt in the afore mentioned case has, directly or indirectly,

used false, deceptive, or misleading representations or means, in violation of Section 807

of the FDCPA, 15 U.S.C. § 1692e, including but not limited to, the following:

27

a. Regarding the instant action, University Accounting Services, and Transworld Systems Inc., working in sync, directly or indirectly has used false representations concerning the character, amount, or legal status of a debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C.§ 1692e(2)(A);

b. Regarding the instant action, UAS and Transworld Systems Inc., working in sync, directly or indirectly, has communicated credit information to a consumer reporting agency that it knew, or should have known, to be false, in violation of Section 807(8) of the FDCPA, 15 § 1692e (8); and

c. Regarding the instant action, University Accounting Services, and Transworld Systems Inc., working in sync, directly or indirectly, has used false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of Section 807(10) of the FDCPA, 15 U.S.C § 1692e (10)

135.    The acts and practices alleged in Paragraph 134, constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph 134 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT VII

### Violations of Section 809

136.    Section 809 (b) of the FDCPA, 15 U.S.C. § 1692g(b), provides, inter alia, that if a consumer notifies a consumer in writing, within thirty (30) days of the consumer's receipt

of the initial communication from the debt collector, that the debt is disputed, the debt

collector shall cease collection of the debt until the debt collector obtains and provide

verification of the debt to the consumer.

137.     Plaintiff David Hadden has directly contacted Defendants University Accounting

Services and Transworld Systems Inc both orally and in writing disputing the debt in its

entirety, the character, identity, legal debt amount, and Defendants unlawful acts to

collect an illegitimate debt against Plaintiff David Hadden.

138.     In the instant action, through the means described in Paragraph 4-101, in

connection with the collection of debts, when a consumer has notified University

Accounting Services, and Transworld Systems Inc., in writing within the thirty-day

period described in Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a) that the debt, or

a portion thereof is disputed, University Accounting Services and Transworld Systems

Inc., has failed to obtain and provide verification of the debt to the consumer and has

continued to attempt to collect the debt and report the debt to the credit reporting agency.

139.     The acts and practices alleged in Paragraph 137-138, constitute violation of

Section 809(b) of the FDCPA, 15 U.S.C. § 1692g(b). Pursuant to Section 814(a) of the

FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph 137-138, also

constitute unfair or deceptive acts or practices in violation of 5(a) of the FTC Act, 15

U.S.C. § 45(a).

## COUNT VIII
## NEGLIGENCE

**140.**     Plaintiff, re-allege and incorporate by reference herein the allegations set forth in

paragraphs 4-101 of this Complaint.

**141.**     Each Defendant, Richland State Bank, University Accounting Services, and

Transworld Systems Inc owed Plaintiff David Hadden, a duty to use due care at or about

the time of Defendants commencement involving this case.

**142.**     Each Defendant breached their duty in numerous instances as described in

Paragraphs 4-101, including but not limited to circumstances where Richland State Bank

failed to adequately quantify David Hadden's deferment approval date, and/or request for

deferment Defendant knew had been requested prior to Defendant's approval of David

Hadden's loan and/or disbursement of funds involving this action.

**143.**     Defendants Richland State Bank and University Accounting Services breached

their duties to David Hadden by fraudulent representing and/or misrepresenting David

Hadden's deferment request, deferment approval, and/or disproval on Plaintiff's original

loan.

**144.**     University Accounting Services and Richland State Bank breached their duty to

David Hadden by arbitrarily misrepresenting David Hadden's dates of deferment,

including Richland State Bank failing to contact Plaintiff within a reasonable time as

required by law when Defendants transferred David Hadden's account information to

University Accounting Services.

**145.**     But for Defendants Richland State Bank and University accounting services

actions, Plaintiff has suffered loss and damages in this case.

146.     University Accounting Services failure to remove an illegitimate creditor and debt

it knew or should have known to be false damaged David Hadden's credit, caused

monetary losses, and other losses and harm to David Hadden as a result.

147.     In committing the afore mentioned acts or omissions, each Defendant negligently

breached said duty to use due care, which directly and proximately resulted in the injuries

and damages to Plaintiff as alleged herein.

## COUNT IX
## FRAUDULENT MISREPRESENTATION

148.     Plaintiff, re-allege and incorporate by reference herein the allegations set forth in

paragraphs 4-101 of this Complaint.

149.     At all times, pertaining to the instant action, Richland State Bank, and University

Accounting Services represented and/or misrepresented Plaintiff David Hadden's

deferment approval of his loan disbursed on September 4, 2014, including the length of

time of the deferment.

150.     The representations and/or misrepresentations by Richland State Bank and

University Accounting Services regarding David Hadden's deferment approval and/or

non-approval, including the date and length of time of the deferment, was false and/or

known to be false as alleged in this suit.

151.     University Accounting Services, and Richland State Bank's representation and/or

misrepresentations of David Hadden's deferment request and/or approval dates on the

dates alleged in this suit, including the dates of July 27,2014, September 4, 2014 and

January 27, 2015 was known to be false or made recklessly without knowledge of its

truth at the time it was made.

152.     Defendants University Accounting Services, and Richland State Banks's false

representations were made with the intent Plaintiff David Hadden rely on the statements.

153.      University Accounting Services, and its representative Iporac, and/or its

employees had known or should have known the statement was false.

154.      Defendant University Accounting Services, and its supervisor Iporac, falsely

represented that David Hadden had never requested deferment on Plaintiff's original

loan, and/or had not been approved for a deferment from Richland State Bank, (the

original lender).

155.      University Accounting Services falsely and/or recklessly made statements that

Defendant began on the date of May 27, 2014, sending monthly payments in the amount

of Fifty Dollars ($50.00) to Plaintiff's home address.

156.      Defendant University Accounting Services representative Iporac, statements

and/or allegations were false, as Plaintiff David Hadden, had not at that time or date, May

27, 2014, requested and/or received a loan from Richland State Bank.

157.      University Accounting Services claim that it mailed David Hadden monthly

statements regarding a debt Plaintiff was not legally obligated to pay and Defendant

furnishing the illegitimate debt to the credit reporting agency falsely reporting inaccurate

information it knows to be false against Hadden is reckless and intentional.

158.     Defendants University Accounting Services, and Transworld Systems Inc., fraudulently continues to date, to misrepresent and collect a debt against Hadden, and falsely report the information to the credit reporting agency.

159.     As a result of Defendants illegal and wrongful actions, Plaintiff has suffered loss of financial income and opportunities with a lower credit score, enjoyment of life, loss of time, depression, and hindrance from attending law school in 2018, due to defending the instant action, and other losses to be address at trial.

## COUNT X
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

160.     Plaintiff, re-allege and incorporate by reference herein the allegations set forth in paragraphs 4-101 of this Complaint.

161.     At all times pertaining to the instant action Defendants conduct was intentional and/or reckless to the rights of Plaintiff David Hadden.

162.     Defendant Richland State Bank's failure to inform Plaintiff David Hadden of Defendant University Accounting Services involvement in this action, largely contributed to the instant action being in turmoil, and causing Plaintiff's distress.

163.     Had David Hadden known of Defendant University Accounting Services unwillingness to grant or honor Plaintiff's request for deferment in or at the time Plaintiff received Plaintiff's disbursement in September 2014, Plaintiff could have declined receiving the loan from Richland State Bank, as he would have.

164.     Richland State Bank's intentional misrepresentation of Defendants' knowledge of Plaintiff's deferment approval and/or request for deferment prior to September 4, 2014 is

33

extreme and/or outrageous in this circumstance, including University Accounting

Services and Transworld Systems Inc., false statements of Plaintiff's owing an

illegitimate debt to a creditor it had known or should have known to be false.

165.     As a direct and proximate result of Defendants deliberate indifference to the rights

of Plaintiff David Hadden, and Defendants recklessness as alleged in Paragraphs 4-101,

Plaintiff has suffered emotional distress, loss of enjoyment of life, time and other

damages that would be discussed at trial.

## INJUNCTION FOR VIOLATIONS OF THE FTC ACT, FCRA, AND FDCPA

166.     Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to

issue a permanent injunction to ensure that University Accounting Services and

Transworld Systems Inc. will not continue to violate the FTC Act, The FCRA, and the

FCDPA.

## EQUITABLE RELIEF FOR VIOLATIONS OF THE FTC ACT, FCRA, AND FDCPA

167.     Under Section 12(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to

issue all equitable and ancillary relief as it may deem appropriate in the enforcement of

the FTC Act, The FCRA, and the FDCPA, including the ability to order rescission or

reformation of contracts, restitution, the refund of monies paid, and disgorgement to

deprive a wrongdoer of ill-gotten gain.

## CIVIL PENALTIES FOR VIOLATIONS OF THE FCRA

168.     Section 621(a)(2)(A) of the FCRA, 15 U.S.C. § 1681s(a)(2)(A), authorizes the

Court to award monetary civil penalties in the event of a knowing violation, which constitutes a pattern or practice of violations. University Accounting Services and Transworld Systems Inc. violations of Section 623(a)(7) and 623(b) of the FCRA, as alleged in this Complaint, were knowing and constituted a pattern or practice of violations. As specified by the Federal Civil Penalty Inflation Adjustment Act of 1990, 28 U.S.C. § 2861, as amended, the Court is authorized to award a penalty of not more than $2,500 per violation for violations occurring on or after the date.

169.     Each instance in which University Accounting Services and/or Transworld Systems Inc has failed to comply with the FCRA in one or more than the ways described above constitutes a separate violation of the FCRA for the purpose of assessing monetary civil penalties under section 621 of the FCRA. Plaintiff seeks monetary civil penalties for every separate violation of the FCRA.

**CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA**

170.     Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), and Section 814(a) of the FDCPA, 15 U.S.C. § 16921, authorize the Court to award monetary civil penalties for violations of the FDCPA when such violations were committed with actual knowledge or knowledge fairly implied on the basis of objective circumstances as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45 (m)(1)(A). University Accounting Services and Transworld Systems Inc violations of the FDCPA, as alleged in this Complaint, were made with actual knowledge fairly implied on the basis of objective circumstances. As specified by the Federal Civil Penalty Inflation Adjustment Act of

1990, 28 U.S.C. § 2861, as amended, the Court is authorized to award a penalty of not

more than $11,000 for each violation of the FDCPA before February 10, 2009and not

more than $16,000 for each violation of the FDCPA after that date.

171.    Each instance in which University Accounting Services and/or Transworld

Systems Inc has failed to comply with the FDCPA in one or more of the ways described

above, constitutes a separate violation of the FDCPA for the purpose of assessing

monetary civil penalties. Plaintiff seeks monetary civil penalties for every separate

violation of the FDCPA.

<strong>PRAYER AND RELIEF</strong>

**WHEREFORE,** Plaintiff, pursuant to 15 U.S.C. §§ 45 (m)(1)(A), 53(b), 1692l, 1681s,

and the Court's own equitable powers, respectfully requests that the Court:

1.  Enter an injunction requiring University Accounting Services and Transworld
    Systems to remove the dubious Creditor Accounts falsely reported against Plaintiff
    without verifiable proof of accurate and legitimate claims;

2.  Enter a permanent injunction to prevent future violations of the FTC Act, the FCRA,
    and the FDCPA by University Accounting Services and Transworld Systems Inc;

3.  That Plaintiff be awarded general damages and those damages to which it may appear
    David Hadden is entitled by the proof submitted in this cause for his physical, mental
    and/or consequential damages, including pain and suffering, both past and future,
    monetary loss and loss of enjoyment of life, both past and future.

4.  That Plaintiff be awarded general, compensatory, treble, and punitive damages

against Richland State Bank, University Accounting Services, and Transworld Systems Inc.

5. That Plaintiff be awarded monetary civil penalties for each violation of the FCRA and FDCPA as alleged in this Complaint; and

6. That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney fees, as well as such other relief as for the Court may determine to be just and proper.

7. Plaintiff request trial by Jury.

Respectfully Submitted,

DAVID HADDEN
Mailing Address:
PO BOX 18142
West Palm Beach, FL 33416
(772)584-4239

1401 Village Blvd. Suite 118
West Palm Beach Fl 33417

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Richland State Bank, 3409 W 47th Street Suite 106, Sioux Falls, South Dakota, 57106, Transworld Systems Inc, and University Accounting Services by U.S. Mail this _15th_ day of October 2018.

cc. University Accounting Services

CP Corporation System
1200 South Pine Island Rd.
Plantation FL 33324

cc Transworld Systems Inc.
CP Corporation System
1200 South Pine Island Rd.
Plantation FL 3332