UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-81385-CIV-MARRA

DAVID HADDEN,

    Plaintiff,

vs.

UNIVERSITY ACCOUNTING SERVICES,
RICHLAND STATE BANK and
TRANSWORLD SYSTEMS INC.

    Defendants.
_____/

## OPINION AND ORDER

This Cause is before the Court on: (1) Defendant Richland State Bank's Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction, or in the Alternative Motion to Quash Service ("Motion to Dismiss") (DE 38); (2) Plaintiff's Motion to Strike ("first Motion to Strike" (DE 41) Defendant Transworld Systems, Inc.'s Answer and Affirmative Defenses (DE 35) and Defendant University Accounting Services' Answer and Affirmative Defenses (DE 36) and (3) Plaintiff's Motion to Strike ("second Motion to Strike") (DE 46) Defendant Transworld Systems, Inc.'s Answer and Affirmative Defenses (DE 35) and Defendant University Accounting Services' Answer and Affirmative Defenses (DE 36). The Court has considered the motions and the record and is otherwise fully advised in the premises.

**I.**  **Motion to Dismiss:**

Richland State Bank ("Richland") moves to dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(2) and (5) for lack of personal jurisdiction and insufficient service of

process. (DE 38). The Court has already once granted Richland's Motion to Dismiss because it was not validly served by Plaintiff. (DE 28).

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "As such, 'an individual or entity is not obliged to engage in litigation unless officially notified of the action ... under a court's authority, by formal process.'" *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 749 (11th Cir. 2016) (citation omitted).

As Richland is a bank, Plaintiff must comply with Federal Rule of Civil Procedure 4(h):

> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> > **(1)** in a judicial district of the United States:
> > > **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > > **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; . . .

Fed. R. Civ. P. 4(h)(1). The Federal Rules further provide that:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or **where service is made**; or
> > (2) doing any of the following:
> > > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (emphasis added). South Dakota law provides:

> The summons shall be served by delivering a copy thereof. Service in the following manner shall constitute personal service:
> > (1) If the action is against a business entity, on the president, partner or other head of the entity, officer, director, or registered agent thereof. If any of the above cannot be conveniently found, service may be made by leaving a copy of the summons and complaint at any office of such business entity within this state, with the person in charge of such office;

S.D. Codified Laws § 15-6-4(d)(1). The Supreme Court of South Dakota has held "[t]he statutory list of parties that are authorized to receive service under SDCL 15–6–4(d)(1) is exhaustive and compliance with the statute is not discretionary." *R.B.O. v. Priests of Sacred Heart*, 2011 S.D. 86, ¶ 10, 807 N.W.2d 808, 811.

Plaintiff served none of the actors enumerated in the South Dakota statute. Instead, Plaintiff attempted service of Richland on August 26, 2019, by serving Michael Begey, an attorney for Richland, with process at the offices of Rumberger, Kirk & Caldwell in Orlando, Florida. (DE 37). Plaintiff filed an Affidavit of Service of Summons on September 5, 2019, with the an affidavit of service attached. (*Id.*). Richland argues the affidavit of service erroneously identified Michael Begey as a registered agent for Richland. (DE 38 at 2). Richland insists that "[n]either Michael Begey, nor any other attorney at Rumberger, Kirk & Caldwell, is authorized to receive service of process on behalf of Richland. And Richland has never waived its right to personal service in this matter." (*Id.*)

The Court takes judicial notice of the South Dakota Secretary of State's website that does not list Mr. Begey as Richland's registered agent. Mr. Begey appeared in a limited capacity to file Richland's Motion to Set Aside Clerk's Default and to Dismiss the Complaint.

Plaintiff has shown no basis for an inference that Richland had authorized Mr. Begey to accept service on its behalf. *See Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990). "A person's attorney is not authorized to receive process simply because of his status as attorney. Service of process is not effectual on an attorney solely by reason of his capacity as an attorney. The party must have appointed his attorney as his agent for service of process before personal jurisdiction is obtained over the party by service on his attorney." *Durbin Paper Stock Co. v. Hossain*, 97 F.R.D. 639, 639 (S.D. Fla. 1982). Florida law also provides "[a] complaint and summons may be served on a party's attorney only if the party has "waived his right to personal service" by authorizing the attorney to accept service on his behalf." *Sewell v. Colee*, 132 So. 3d 1186, 1188 (Fla. 3rd DCA 2014) (quoting *Anthony v. Rotella & Assocs., P.A.,* 906 So.2d 1205, 1208 (Fla. 4th DCA 2005)).

In contrast to *Durbin*, where "Plaintiff presented unrebutted evidence at trial that [counsel served] was more than simply the defendant's attorney," Plaintiff here has offered no such evidence. *Durbin Paper Stock Co.*, 97 F.R.D. at 639. Instead, Plaintiff states in a conclusory manner: "Defendant Michael D. Begey who was added as a party involving the instant action voluntarily accepted service and signed the affidavit effectually representing Defendant Richland State Bank in this action he knew and anticipated receiving." (DE 39 at 5). Plaintiff incorrectly categorizes attorney Mr. Begey as a defendant and a party to the action. Additionally, Mr. Begey never signed the affidavit of service—rather, Amy Brown of Central Florida Process and Investigations Inc, did. (DE 37 at 2).

"While, . . . *pro se* plaintiffs are not exempt from compliance with the rules, they are generally afforded some lenience." *Beck v. PRC/IAC*, 2007 WL 9706004, at *2 (S.D. Fla. Mar. 21, 2007). Strict compliance with due process, however, is required regardless of the status of the

4

litigant. Plaintiff failed to substantially comply with the South Dakota service of process statute. *See Sommervold v. Wal-Mart, Inc.*, 709 F.3d 1234, 1236 (8th Cir. 2013) (construing South Dakota law).

Accordingly, the Court finds the service was improper. However, "[d]ismissal is not 'invariably required where service is ineffective: under such circumstances, the court has discretion to either dismiss the action, or quash service but retain the case.'" *Sherrod v. Sch. Bd. of Palm Beach Cty.*, 2012 WL 12895257, at *3 (S.D. Fla. Aug. 1, 2012), *aff'd,* 550 F. App'x 809 (11th Cir. 2013) (quoting *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976)).

The Court elects to deny Richland's Motion to Dismiss and grant the Motion to Quash. *See id.* ("'Dismissal under Rule 12(b)(5) is not justified where it appears that service can be properly made.'") (citation omitted). If Plaintiff does not serve Richland properly within 45 days of this Order, the Court will dismiss the action against Richland.

## II. **Motions to Strike:**

### A. Background:

Plaintiff's Motion to Strike argues Defendants University Accounting Services ("UAS") and Transworld Systems, Inc. ("TSI") pled six affirmative defenses that were either insufficiently pled or denials—not affirmative defenses. (DE 41 at 4). The identical affirmative defenses asserted by UAS and TSI are:

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. [Defendant] denies any liability, however, regardless of liability, plaintiff has suffered no actual damages as a result of [defendant]'s purported violations.

3. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

5

4. Assuming that plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than [defendant] and were beyond the control or supervision of [defendant] or for whom [defendant] was and is not responsible or liable.

6. Plaintiff has failed to state a claim against [defendant] upon which relief may be granted.

(DE 35 at 12-13, DE 36 at 12-13).

Defendants TSI and UAS respond that they have given Plaintiff fair notice of the nature of the defense and therefore should survive the Motion to Strike. (DE 44 at 2). Defendants remark in a footnote that "[w]hile Defendants believe the defenses are valid, they will voluntarily withdraw the second and sixth affirmative defenses." (*Id.* at 2 n.1). Defendants request that if the Motion to Strike is granted, the Court give leave to file an amended answer and affirmative defenses. (*Id.* at 2-3).

Defendants attached the proposed Amended Answer and Affirmative Defenses to their Response. (DE 44-1, DE 44-2). The proposed amended affirmative defenses were:

> 1. Pursuant to 15 U.S.C. § 1692k(c), to the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error. In particular, [defendant] maintains specific procedures to maintain accurate account information for all accounts it services, including information related to account balances, deferments or forbearances, and payments, as well as to ensure proper credit reporting.
>
> 2. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.
>
> 3. Assuming that plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.
>
> 4. To the extent allegations are based upon action by any other persons or entities involved in the origination, servicing, or collection of the loan at issue, any harm suffered by plaintiff was legally and proximately caused by those persons or entities. Those persons or entities were beyond the control or supervision of [defendant] or [defendant] was and is not responsible or liable.

(*Id.* at pdf 22-23, 36-37).

Plaintiff then filed a Motion to Strike the proposed Amended Answers and Affirmative Defenses. (DE 46). Plaintiff argues "Defendants at this stage of the proceeding to file on its own volition without permission from this Court a new Amended Answer to Plaintiff s Amended Complaint, and new Affirmative Defenses violates this Court's Order and/or the Florida Rules of Civil Procedure, as an improper and untimely response, and should be stricken in its entirety." (*Id.* at 4).

Defendants respond that "Plaintiff failed to confer as required by Local Rule 7.1(a)(3)." (DE 47 at 2). Defendants next argue that "Plaintiff's motion to strike is meritless because Defendants are seeking leave to amend and, thus, were required to file the proposed amended answer and affirmative defenses with their request." (*Id.*).

Plaintiff's Reply states the that the proposed Amended Affirmative Defenses are still "bare bones conclusory allegations." (DE 48 at 2). He contends he previously conferred with Defendants prior to filing the first Motion to Strike (DE 41) "on his own will out of respect for the legal process and not because he knew the Local Rule 7.1(a)(3)." (*Id.*).

### B. Legal Standard:

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Affirmative defenses are insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which requires 'a short and plain statement' of the defense." *Mid-Continent Cas. Co. v. Active Drywall S., Inc.*, 765 F. Supp. 2d 1360, 1361 (S.D. Fla. 2011). "An affirmative defense is a defense 'that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or

other negating matters.'" *Northrop & Johnson Holding Co., Inc. v. Leahy*, 2017 WL 5632041, at *1 (S.D. Fla. Nov. 22, 2017) (quoting *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 688, 671 (S.D. Fla. 2013)). "[U]nder this [pleading] standard, 'an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Id.* at *3 (quoting *Adams*, 294 F.R.D. at 671).

### C. Discussion:

#### i. First Motion to Strike:

The Court will first address the first Motion to Strike and the original six affirmative defenses from DE 35 and DE 36.

1. Affirmative Defense 1:

"A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Defendants' First Affirmative Defense that "[t]o the extent that any violations are established, any such violations were not intentional and resulted from bona fide error . . ." is alleging a defect in the Plaintiff's prima facie case, and therefore is not an affirmative defense. *Id.*; (DE 35 at 12, DE 36 at 12). "Nevertheless, 'the proper remedy is not [to] strike the claim, but rather to treat is (sic) as a specific denial.'" *CI Int'l Fuels, LTDA v. Helm Bank, S.A.*, 2010 WL 3368658, at *2 (S.D. Fla. Aug. 24, 2010) (internal citation omitted); *see also Luque-Sanchez v. Scottsdale Ins. Co.*, 2018 WL 6528242, at *2 (S.D. Fla. June 18, 2018) ("affirmative defenses which are merely redundant of general denials should not be struck on that basis.").

Accordingly, the Court will construe this as a denial, and the Motion to Strike is denied.

2. Affirmative Defense 2:

The second Affirmative Defense denies liability and argues that Plaintiff has "suffered no actual damages" as a result of Defendants' purported violations. (DE 35 at 12, DE 36 at 12). As with the first affirmative defense, this is a specific denial. Additionally, Plaintiff volunteered to withdraw this as a defense. (DE 44 at 2 n.1). Accordingly, the Court will construe this as a denial, and the Motion to Strike is denied.

3. Affirmative Defense 3:

Defendants assert that "[o]ne or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands." (DE 35 at 12, DE 36 at 12). Defendants are improperly combining multiple defenses without providing support. *See Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005) (striking defenses where "Defendants have altogether failed to allege any facts to support these defenses").

The Court strikes the Third Affirmative Defense without prejudice and grants Defendants leave to amend. To the extent that Defendants do not have sufficient information at this time, Defendants may seek leave to amend after conducting discovery and obtaining evidence to support this defense.

4. Affirmative Defense 4:

The Fourth Affirmative Defense asserts "[a]ssuming that plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages." (DE 35 at 12, DE 36 at 12). The Court finds this affirmative defense is sufficiently pled and provides Plaintiff with fair notice. *See FAST SRL v. Direct Connection Travel LLC*, 330 F.R.D. 315, 320 (S.D. Fla. 2018) (summarizing cases that denied motions to strike similarly pled affirmative defenses). The Motion to Strike Affirmative Defense 4 is denied.

5. Affirmative Defense 5:

The Fifth Affirmative Defense alleges "[a]ny harm suffered by plaintiff was legally and proximately caused by persons or entities other than [defendant] and were beyond the control or supervision of [defendant] or for whom [defendant] was and is not responsible or liable." (DE 35 at 13, DE 36 at 13). This affirmative defense needs to be pled with more specificity. *See Morrison*, 434 F. Supp. 2d at 1319. The Motion to Strike the Fifth Affirmative Defense is granted, and the Defendants may replead. As with the Third Affirmative Defense, Defendants may seek leave to amend after conducting discovery and obtaining evidence to support this defense.

6. Affirmative Defense 6:

Defendants allege "Plaintiff has failed to state a claim against [defendant] upon which relief may be granted." (DE 35 at 13, DE 36 at 13). Defendants have volunteered to withdraw the sixth affirmative defense. (DE 44 at 2 n.1). Accordingly, the affirmative defense of failure to state a claim upon which relief may be granted is denied as moot.

### ii. **Second Motion to Strike:**

The second Motion to Strike is denied as moot. Defendants are granted leave to file an amended answer and affirmative defenses consistent with this Order.

Additionally, the Court finds no sanctions are warranted for Plaintiff's failure to confer prior to filing the second Motion to Strike. *See Pierce v. City of Miami*, 176 F. App'x 12, 14 (11th Cir. 2006) ("Moreover, although pro se litigants are still bound by rules of procedure, this court has explained that they should not be held to the same level of knowledge as an attorney, and, therefore, additional notice may be appropriate."). The Court trusts Plaintiff will comply with Local Rule 7.1(a)(3) and the other Local Rules going forward.

III. **CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Richland State Bank's Motion to Dismiss or Motion to Quash (**DE 38**) is **GRANTED IN PART**. The <u>**Motion to Quash**</u> is **GRANTED**. The <u>**Motion to Dismiss**</u> is **DENIED AS MOOT**.

2. Plaintiff is ordered to correctly complete service of process on Richland State Bank within **forty-five (45) days** of the entry of this Order. Failure to do so may result in dismissal with prejudice.

3. Plaintiff's first Motion to Strike (**DE 41**) is **GRANTED IN PART** as to affirmative defenses 3 and 5. Plaintiff's Motion to Strike (DE 41) is **DENIED IN PART** as to: affirmative defenses 1, 2, which will be construed as general denials; affirmative defense 6 is denied as moot and affirmative defense 4, is pled sufficiently.

4. Plaintiff's second Motion to Strike **(DE 46)** is **DENIED AS MOOT**.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of February, 2020.

KENNETH A. MARRA
United States District Judge