UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-81385-KAM/WM

DAVID HADDEN,

        Plaintiff,

v.

UNIVERSITY ACCOUNTING SERVICES,
RICHLAND STATE BANK, and TRANSWORLD
SYSTEMS, INC.,

        Defendants.
_____/

FILED BY KJZ D.C.

Jan 29, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION [DE 102]

**THIS CAUSE** is before the Court upon the *pro se* Plaintiff's Motion for Reconsideration on Motion to Compel Responses to Discovery [DE 102]. Defendants Transworld Systems, Inc. ("TSI") and University Accounting Services ("UAS") responded at [DE 107], and Plaintiff replied at [DE 109]. The Court finds that a hearing is not needed for the resolution of this motion.

The Court previously denied Plaintiff's motion to compel [DE 78] as to Interrogatory Number 10. This Interrogatory was directed to Defendant TSI. However, the Interrogatory asked TSI to provide information regarding prior lawsuits and complaints *filed against UAS*. Defense counsel represented that TSI and UAS are separate and distinct entities; thus, the Court found that it would be unduly burdensome to require Defendant TSI to produce information regarding lawsuits and complaints against Defendant UAS to Plaintiff.

In his Motion for Reconsideration [DE 102], Plaintiff admits that he made a typographical error in Interrogatory No. 10, which was served on June 4, 2020, well prior to the December 11, 2020 discovery cutoff date. [DE 65]. Specifically, Plaintiff asserts that he meant to inquire as to prior lawsuits or complaints filed against TSI. The Court understands that typographical errors occur and that Plaintiff is proceeding *pro se*. *See Waldman v. Conway*, 871 F.3d 1283, 1289 (11th

Cir. 2017) ("A pro se pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed."); *see also Torres v. Miami-Dade Cty., Fla.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a pro se party's complaint and focus on the content and substance of the allegations."). Despite the fact that discovery concluded over one month ago, the Court finds that it would not be unduly prejudicial nor burdensome for Defendant TSI to simply respond to the same judicially modified interrogatory that UAS has already responded to. The Court notes that the same attorney has entered an appearance on behalf of both Defendants. Moreover, the Court notes that this issue could and should have been resolved through conferral.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Reconsideration [DE 102] is **GRANTED**. Defendant TSI shall serve a response to the following judicially limited interrogatory within ten days of this Order:

> Please provide name(s), date(s), and/or details about any FCRA or FDCPA lawsuits against Transworld Systems, Inc., filed in the past three (3) years. Only include lawsuits filed against the business for the negligent, wanton, fraudulent or willful acts of its employees. Please include the court, the case title, the case number, the type of injury, and the final result of the lawsuit.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of January 2021.

*[signature: William Matthewman]*
WILLIAM MATTHEWMAN
United States Magistrate Judge