UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-81385-MARRA

DAVID HADDEN,

                Plaintiff,

vs.

UNIVERSITY ACCOUNTING SERVICES,
TRANSWORLD SYSTEMS, INC., and
EVERGLADES COLLEGE d/b/a
KEISER UNIVERSITY,

                Defendants.

_____/

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO RE-OPEN CASE AND SET A TRIAL DATE [ECF No.164]

Plaintiff, Mr. David Hadden moves to re-open and set a trial date against Defendant Everglades College d/b/a Keiser University ("Keiser") based on Keiser's failure to comply with and engage in the arbitration process. ECF No. 164. Judge Marra referred this matter to me for a report and recommendation. For the foregoing reasons I **RECOMMEND** that Mr. Hadden's Motion be **GRANTED IN PART** and **DENIED IN PART.** The District Court should (1) find both parties to be at fault for arbitration not going forward; (2) not impose sanctions; and (3) re-open the case for the limited purpose of appointing a panel of arbitrators.

I have reviewed Mr. Hadden's Motion (ECF No. 164), the Response (ECF No. 165), the Reply (ECF No. 166), and the related exhibits. I have also reviewed Judge Marra's Order and Opinion Compelling Arbitration. ECF No. 105.

## BACKGROUND AND PROCEDURAL HISTORY

Mr. Hadden sued Keiser alleging (1) violation of the Fair Credit Reporting Act, (2) violation of the Fair Debt Collection Practices Act, (3) negligence, (4) gross negligence, (5) breach of fiduciary duty, (6) fraudulent misrepresentation, (7) and intentional infliction of emotional distress. ECF. No. 73. Keiser moved to compel arbitration based on an arbitration clause signed by the parties. ECF No. 79. Judge Marra granted the motion to compel, ordered the parties to arbitrate their dispute, and stayed the case pending completion of arbitration. ECF No. 105. Judge Marra later ordered the case to be administratively closed.[1] ECF No. 163.

Mr. Hadden now moves to re-open the case claiming Keiser has failed to engage in the arbitration process. ECF No. 164. In support, Mr. Hadden provides correspondence between the American Arbitration Association ("AAA") and the parties that says Keiser failed to submit the required waiver and fees, so the AAA declined to administer the case and closed the file. *Id.* at exh. 2. For relief, Mr. Hadden asks the Court to re-open the case and set a trial date. *Id.* at 1.

---

[1] Judge Marra ordered the case to be administratively closed because Mr. Hadden reached a settlement with the remaining Defendants. ECF No. 163.

In response, Keiser denies that it failed to comply and says that Mr. Hadden is the one who failed to comply by failing to select an arbitrator two (2) years after the parties were ordered to arbitrate. ECF No. 165. For relief, Keiser asks the Court to appoint a panel of arbitrator(s) as required by the arbitration clause. *Id.*

The arbitration clause in question says:

> It is agreed that in the event the parties to this enrollment agreement are unable to amicably resolve any dispute, claim or controversy arising out of or relating to this agreement, or if a claim is made by either against the other or any agent or affiliate of the other, the dispute, claim or controversy shall be resolved by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules. If this chosen forum or method of arbitration is unavailable, or for any reason cannot be followed, a court having jurisdiction hereunder may appoint a panel of arbitrators pursuant to section 682.04, F.S. The expenses and fees of the arbitrator(s) incurred in the conduct of the arbitration shall be split evenly between the parties to the arbitration; however, if Keiser University prevails in the arbitration proceeding, Keiser University will be entitled to any reasonable attorney's fees incurred in the defense of the student claim. Venue for any proceeding relating to arbitration of claims shall be in the county wherein the institution is located. This agreement cannot be modified except in writing by the parties.

1. <u>Both parties are at fault for arbitration not going forward.</u>

Judge Marra ordered the parties to arbitrate in 2020. Mr. Hadden waited two years to pursue the claim. When he finally did, Keiser failed to follow the AAA's requirements. As a result of Keiser's failure to follow the AAA requirements, the AAA declined to administer the arbitration. Keiser does not explain why they failed to follow the AAA's requirements and Mr. Hadden does not explain why he waited two years to pursue the claim. I find, preliminarily they are both at fault for arbitration not going forward.

3

2. <u>Sanctions should not be imposed.</u>

Given that both parties are at fault and in the interest of avoiding further delay, sanctions here are not necessary. Even if they were, this court has limited subject matter jurisdiction in cases that implicate the Federal Arbitration Act (FAA).

Generally, district courts have broad discretion to impose sanctions, which derives from the court's inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases. *Penick v. Harbor Freight Tools, USA, Inc.*, 481 F. Supp. 3d 1286 (S.D. Fla. 2020) In FAA cases, however, the Court's role is a supervisory one. *Smith v. Spizzirri*, 144 S. Ct. 1173 (2024). So, even though a court may have inherent power to impose sanctions, the inherent powers of the courts may be controlled or overridden by statute. *Id. See also Commonwealth Oil Ref. Co., Inc. v. S.S. Grand Commonwealth*, 1978 A.M.C. 975, 976 (M.D. Fla. 1978) (Once it has been determined that the matter should be settled via arbitration, district courts avoid intervention in the matter and jurisdiction rests with the arbitrator).

The FAA outlines remedies for an aggrieved party that include asking a district court to intervene, but only for limited purposes. "A party aggrieved by a failure, neglect, or refusal of another under a written agreement for arbitration may petition a U.S. district court…for an order directing that such arbitration proceed in the manner provided for in [the] agreement." 9 U.S. Code § 4. As discussed below, the appropriate remedy here is to direct the parties to engage in prompt arbitration.

4

3. <u>The District Court should re-open the case for a limited purpose.</u>

The parties' arbitration clause says "If this chosen forum or method of arbitration is unavailable, or for any reason cannot be followed, a court having jurisdiction hereunder may appoint a panel of arbitrators pursuant to section 682.04, F.S." The District Court should therefore re-open the case for the limited purpose of appointing a panel of arbitrators.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court

1. GRANT IN PART and DENY IN PART Plaintiff's Motion at Docket Entry 164;
2. Find both parties to be at fault for arbitration not going forward;
3. Not impose sanctions; and
4. Re-open the case for the limited purpose of appointing a panel of arbitrators.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kenneth A. Marra, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the

district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 3rd day of July 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE