UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-81385-MARRA

DAVID HADDEN,

Plaintiff,

v.

UNIVERSITY ACCOUNTING SERVICES,
TRANSWORLD SYSTEMS, INC., and
EVERGLADES COLLEGE d/b/a
KEISER UNIVERSITY,

Defendants.
_____/

## ORDER

This cause is before the Court upon the Plaintiff's Motion for Sixty Day Extension of Time to File Appeal and/or Objections to Arbitration Verdict and Motion for Entitlement to Attorney Fees (DE 179). The Motion is fully briefed and ripe for review. The Court held a hearing on the Motion on April 9, 2025. The Court has carefully reviewed the Motion and the arguments of the parties and is otherwise fully advised in the premises.

On October 1, 2020, Plaintiff filed a Second Amended Complaint against Defendant Everglades College, Inc. d/b/a Keiser University ("Defendant") for a violation of section 623(b)(1) of the Fair Credit Reporting Act, violation of section 807 of the Fair Debt Collection Practices Act, negligence, gross negligence, breach of fiduciary duty, fraudulent misrepresentation, and intentional infliction of emotional distress. (DE 73.) The parties executed Keiser University's Enrollment Policy and Procedures which included an arbitration provision. (Ex. A., DE 180.) On December 31, 2020, Defendant's motion to compel arbitration was

granted, and the case was stayed pending the completion of the arbitration. (DE 105.) On February 12, 2025, the parties received the arbitration verdict in favor of Defendant on all counts. The verdict reserved as to fees and costs. (Ex. B, DE 180.)

Plaintiff seeks to prevent the arbitrator from ruling on entitlement to attorney's fees for Defendant.[1]  Plaintiff does not dispute that there is a prevailing party fee provision in the arbitration agreement. Instead, Plaintiff states that the fee provision is unenforceable. Specifically, Plaintiff contends that the federal statutes underpinning his federal claims do not permit fee-shifting against a plaintiff, that public policy opposes fee-shifting in consumer protection cases, and the arbitration agreement cannot supersede these principles.[2]  Moreover, Plaintiff argues that the prevailing party fee provision in the parties' agreement violates public policy and is unconscionable and unenforceable under the effective vindication doctrine.

While Plaintiff has presented arguments on the merits of his legal positions, this Court believes the question presented is whether entitlement to, and if appropriate the amount of, costs and attorney's fees is for this Court or the arbitrator to determine. The broad arbitration clause[3]

---

[1] Originally, Plaintiff sought a motion for extension of time to challenge the arbitration award, but he withdrew this request at the hearing.

[2] Plaintiff also states that the Florida state law claims do not permit fee-shifting for tort claims.

[3] *It is agreed that in the event the parties to this enrollment agreement are unable to amicably resolve any dispute, claim or controversy arising out of or relating to this agreement, or if a claim is made by either against the other or any agent or affiliate of the other, the dispute, claim or controversy shall be resolved by binding arbitration administered by the American Arbitration Association under it [sic] Commercial Arbitration Rules.* If this chosen forum or method of arbitration is unavailable, or for any reason cannot be followed, a court having jurisdiction hereunder may appoint one or more arbitrators or an umpire pursuant to section 682.04, F.S. Each party shall have the right to be represented by an attorney at any arbitration proceeding. The expenses and fees of the arbitrator(s) incurred in the conduct of the arbitration shall be split evenly between the parties to the arbitration. *However, if Keiser University prevails in the arbitration proceeding, Keiser University will be entitled to any reasonable attorney's fees incurred in the defense of the student claim.* The venue for any proceeding relating to arbitration of claims shall be in the county wherein the institution is located. This agreement cannot be modified, except in writing by the parties. (emphasis added)

(Ex. A, DE 180.)

submits all disputes to arbitration, including determining entitlement and the amount of attorney's fees. (Agreement, Ex. A, DE 180.)  By agreeing to submit all disputes to arbitration, the parties agreed to permit the arbitrator to determine the award of costs and attorney's fees if Defendant prevailed.

In *Marshall & Co. v. Duke*, 114 F.3d 188 (11th Cir. 1997), the Court upheld the district court's decision that the issue of attorney's fees was arbitrable. This ruling was based on the reasoning that the parties had agreed to submit the matter to arbitration, the agreement and governing rules required arbitration of all disputes, and arbitrators are authorized to award fees under the common law bad faith exception the American Rule. *Id.* at 189-90. Other courts have agreed. *See, e.g., Reliastar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*, 564 F.3d 81, 87 (2d Cir. 2009) (finding it was within the power of the arbitration panel to award attorney's fees based on the broad power of arbitrators and the accepted "bad faith conduct" exception to the American Rule); *Robert W. Baird  & Co. Inc. v. Sunamerica Securities, Inc.*, 399 F. Supp. 2d 1314 (M.D. Fla. 2005) ("The FAA contains no limitation on an arbitrator's ability to award attorneys' fees.") Thus, the arbitrator has the authority to award fees and costs and therefore the Court will leave the matter to the arbitrator to decide.  Plaintiff's arguments relative to the validity and enforceability of the attorney's fees provision of the arbitration clause should be directed to the arbitrator.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Sixty Day Extension of Time to File Appeal and/or Objections to Arbitration Verdict and Motion for Entitlement to Attorney Fees (DE 179) is **DENIED WITHOUT PREJUDICE** to either

party challenging the decision of the arbitrator in accordance with the Federal Arbitration Act, 9 U. S. C. § 1 *et seq.*

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of April, 2025.

_____
KENNETH A. MARRA
United States District Judge