UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-81385-MARRA

DAVID HADDEN,

Plaintiff,

v.

UNIVERSITY ACCOUNTING SERVICES,
TRANSWORLD SYSTEMS, INC., and
EVERGLADES COLLEGE d/b/a
KEISER UNIVERSITY,

Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO VACATE

This cause is before the Court upon Plaintiff's Motion to Vacate, Modify and/or Correct Arbitration Award dated February 12, 2025 (DE 187). Defendant Everglades College d/b/a/ Keiser University ("Defendant") filed a response (DE 188). No reply to the Motion was filed. The Court has carefully considered the Motion and the Response and is otherwise fully advised in the premises.

Plaintiff moves to vacate the February 12, 2025 arbitration verdict in favor of Defendant on the ground that the arbitrator denied Plaintiff a fair hearing by refusing to allow Plaintiff to confront and cross-examine a material witness. According to Plaintiff's affidavit, Defendant called Ms. Ledia Reyes—an adverse witness who provided material testimony remotely. Plaintiff claims that Defendant's counsel questioned Ms. Reyes for approximately twenty minutes, but due to technical difficulties caused by a storm, Plaintiff was afforded only two minutes for cross-examination. (DE 187-2.)

Plaintiff further argues that enforcing the arbitration agreement violates public policy, impermissibly restricts statutory remedies available under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, imposes prohibitive costs, and impermissibly shifts fees. Lastly, Plaintiff argues that the arbitration agreement is procedurally and substantially unconscionable.

Defendant contends that Plaintiff was not denied a fair hearing, as the arbitrator's conduct afforded Plaintiff an opportunity to confront and question a material witness. Defendant submits an affidavit asserting that Plaintiff did not subpoena any witnesses for the arbitration. Defendant, however, contacted Ms. Reyes to testify in Plaintiff's case-in-chief.[1] According to Defendant's affidavit, Plaintiff questioned Ms. Reyes first. The affidavit further states that Defendant questioned Ms. Reyes only briefly and has no recollection of a storm or any remote connection issues.[2] (DE 188-2.)

Defendant further argues that Plaintiff's arguments focus on whether the arbitration agreement itself is contrary to public policy, rather than on whether its enforcement violates public policy. In any event, Defendant argues, these challenges are untimely and insufficient to meet the standard required to vacate the arbitration award.

Section 10 of the Title 9 of the United States Code states:

(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

---

[1] Plaintiff was proceeding *pro se* at this point in the proceeding.

[2] Plaintiff did not file a reply brief, therefore Defendant's account is unrebutted.

>  (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
>  (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

Even assuming *arguendo* that Plaintiff's affidavit was undisputed, it would not meet the standard for misconduct as set forth in 9 U.S.C. § 10. As explained in *Rosensweig v. Morgan Stanley & Co.*, 494 F.3d 1328 (11th Cir. 2007):

>  Arbitrators enjoy wide latitude in conducting an arbitration hearing, and they are not constrained by formal rules of procedure or evidence. An arbitrator need not consider all the evidence the parties seek to introduce but may reject evidence that is cumulative or irrelevant. In addition, a federal court may vacate an arbitrator's award only if the arbitrator's refusal to hear pertinent and material evidence prejudices the rights of the parties to the arbitration proceedings.

*Id.* at 1333 (quotation marks, citations and brackets omitted).

It is proper for an arbitration may proceed with only a "summary hearing and with restricted inquiry into factual issues." *Robbins v. Day*, 954 F. 2d 679, 685 (11th Cir. 1992), *overruled in part on other grounds, First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995). "The arbitrator is not bound to hear all the evidence tendered by the parties; he need only give each party the opportunity to present its arguments and evidence." *Id.*; *Scott v. Prudential Sec., Inc.*, 141 F.3d 1007, 1017 (11th Cir. 1998), *overruled on other grounds, Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 588 (2008) (an arbitrator is not required to accept all the evidence a party seeks to introduce in an arbitration proceeding so long as the parties receive a fundamentally fair hearing.)

3

Thus, an arbitrator has broad discretion on how to conduct the proceeding, including how to address technical disruptions that may affect the presentation of evidence. The record does not suggest that the arbitrator lacked sufficient evidence to resolve the matter. Nor do Plaintiff's allegations rise to the level of misconduct; at most, they reflect a procedural issue that occurred during the arbitration.  Plaintiff has not presented evidence of misbehavior by the arbitrator. Indeed, the arbitrator may have reasonably concluded that additional testimony was unnecessary. *See CM S. E. Texas Houston, LLC v. CareMinders Home Care, Inc.*, 662 F. App'x 701, 705 (11th Cir. 2016) (rejecting challenge to arbitrator's decision regarding postponement of the hearing when there is a reasonable basis for arbitrator's decision and when arbitrator takes into account the need to ensure the expeditious resolution of the case); *Liberty Sec. Corp. v. Fetcho*, 114 F. Supp. 2d 1319, 1322 (S.D. Fla. 2000) (an award may be vacated on the ground that an arbitrator denied the plaintiff's request to postpone the hearing only if there is no reasonable ground existed for the denial). Nothing in this record suggests that Plaintiff was prejudiced by the arbitrator's reasonable handling of this procedural matter.

The Court is not persuaded by Plaintiff's argument that enforcement of the arbitration agreement would violate public policy. Cases throughout this Circuit have held otherwise. *See Hearn v. Comcast Cable Commc'ns, LLC,* 992 F.3d 1209, 1214 (11th Cir. 2021) (a consumer's Federal Credit Reporting Act claim fell within scope of arbitration agreement); *Bailey v. Diversified Consultants Inc*., 444 F. Supp. 3d 1330, 1337 (N.D. Ala. 2020) (Fair Debt Collection Practices Act claims are suitable for arbitration). In any event, Plaintiff's contentions focus on whether the arbitration agreement itself is contrary to public policy,[3] rather than addressing its

---

[3]  Plaintiff argues that the arbitration agreement: (1) limits statutory remedies; (2) was cost prohibitive and (3) and was unconscionable.

enforcement. Any challenge to the arbitration agreement at this stage is untimely. The Court has already concluded that the agreement between the parties contains a binding arbitration provision that cannot be avoided. (DE 105 at 10.) Because none of Plaintiff's arguments are directed at the enforcement of the agreement, there is no basis to reject the arbitration verdict on this ground.[4]

Accordingly, for the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Vacate, Modify and/or Correct Arbitration Award dated February 12, 2025 (DE 187) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of June, 2025.

KENNETH A. MARRA
United States District Judge

---

[4] Despite that fact that none of Plaintiff's arguments address enforcement, the Court will briefly note that the costs of the arbitration relate, in part, to the issue of prevailing attorney's fees which the Court recently determined will be addressed by the arbitrator. (DE 186).